## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Kevin Yancy, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : JUDGE: |
| Collection Bureau of America ; and DOES 1-10, inclusive, | : MAGISTRATE JUDGE: |
| Defendants. | : |

## COMPLAINT

For this Complaint, the Plaintiff, Kevin Yancy, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Kevin Yancy ("Plaintiff"), is an adult individual residing in New Orleans, Louisiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Collection Bureau of America ("Collection"), is a CA -5013 business entity with an address of PO Box 5013, Hayward, California 94540 -5013, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Collection and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Collection at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiff's wife allegedly incurred a financial obligation in the approximate amount of $595.00 dollars (the "Debt") to DS Waters of America (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Collection for collection, or Collection was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Collection Engages in Harassment and Abusive Tactics**

12. Within the last year, Defendant began placing calls to Plaintiff's cellular line in an attempt to collect the Debt.

13. On April 24, 2012, Plaintiff spoke with a representative of Defendants who identified himself as "Damien." During that conversation, Damien and Plaintiff mutually agreed to settle the Debt of $595.00 dollars for a one-time payment of $303.00.

14. Per their agreement, Plaintiff made a payment of $303.00 to Defendants over the telephone. Plaintiff gave his credit card number and e-mail address to Damien, and received a confirmation number for the payment.

15. Later that same day, a representative of Defendants who identified herself as "Tracy Lane," placed a call to Plaintiff. Tracy Lane called in an attempt to collect the balance of the Debt.

16. Tracy Lane stated to Plaintiff that the previous representative of Defendants, Damien, was not authorized to negotiate with Plaintiff, and that Plaintiff still owed Defendants an additional $292.00 dollars.

17. In an effort to intimidate Plaintiff into paying additional funds to Defendant, Tracy Lane further stated to Plaintiff that Defendants were still adding interest to the Debt.

18. Defendants failed to send Plaintiff any written correspondence informing him of his rights under federal law, including his right to dispute the Debt.

**C. Plaintiff Suffered Actual Damages**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

24. Defendants used an unfair and unconscionable means to collect the debt, in violation of 15 U.S.C. § 1692e.

25. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

27. Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff a letter within 5 days of the initial contact with her as required by law.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

31. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

32. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Louisiana.

33. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to La. Rev. Stat. Ann. §9-625;

5. Actual damages from the Defendants for the all damages including emotional

      distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 13, 2012

Respectfully submitted,

      By: ___/s/ Kenneth D. McLean_____
      Kenneth D. McLean, Esq. (LSB No. 30190))
      THE McLEAN LAW FIRM, LLC
      P.O. Box 38161
      Germantown, TN 38183-0161
      Telephone: (901) 326-6888
      Facsimile: (901) 531-8102
      Attorneys for Plaintiff

      Of Counsel To:

      LEMBERG & ASSOCIATES L.L.C.
      1100 Summer Street, 3rd Floor
      Stamford, CT 06905
      Telephone: (203) 653-2250
      Facsimile:  (203) 653-3424